# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OBED RIP HOYTE | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-10-2746 |
| WARDEN CHRISTOPHER ZYCH | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Petitioner Obed Rip Hoyte filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, purporting to challenge his 1992 conviction in the Circuit Court for Frederick County, Maryland. Petitioner, however, is serving a federal sentence imposed in 1993.[1] The court directed Respondent to file a limited response, which he did. ECF No. 4. Petitioner has also filed a response stating his view that his Habeas Petition, filed pursuant to 28 U.S.C. §2254, is timely filed. ECF No. 3. After review of these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

## Background

On January 13, 1992, in the Circuit Court for Frederick County, Petitioner pled guilty to one count of conspiracy to distribute cocaine. ECF No. 4 at Ex. 1. On January 28, 1992, a sentence of 8 years with all but time served suspended was imposed and Petitioner was placed on supervised probation. ECF No.. 1 at Ex. A. Petitioner did not seek appellate review, nor did he

---

[1] Petitioner is confined at USP Lee under the name of Obed Hoyt, Register No. 42289-053. His projected release date is November 21, 2023.

seek state post-conviction relief. ECF No. 4 at Ex. 1. In October of 2004, the State's motion to recall a warrant for violation of probation and to dismiss the case was granted. *Id*.

Petitioner has been in federal custody since 1993. ECF No. 1 at Ex. A, p. 2. In a Petition for Writ of Coram Nobis filed in the Circuit Court on February 25, 2008, he claimed the state conviction negatively affected his federal sentence and that the state court's denial of a reverse waiver[2] invalidated the guilty plea. *Id*. at pp. 10—12. A hearing was held and the writ was denied by the Circuit Court for Frederick County on July 28, 2008. *Id*. The court found in part that there was an unreasonable delay in Petitioner's assertion of the claim which prejudiced the state as a transcript of the guilty plea proceeding was no longer available. *Id*. at p. 12.

Petitioner filed an application for leave to appeal the decision resulting in a decision by the Court of Special Appeals of Maryland affirming the lower court. *Id*. at pp. 1—9. Petitioner seeks waiver of any further exhaustion to the Court of Appeals of Maryland on the ground that any further request for appellat review would be futile. ECF No. 1 at p, 5. In the instant petition he claims the state court decision finding he was not entitled to coram nobis was erroneous and that trial counsel was ineffective. Petitioner contends that the instant Petition for Writ of Habeas Corpus is timely because his appeal was denied on October 26, 2009, and he should be allowed one year from that date to file for federal habeas relief. ECF No. 3. He further claims that he was impeded from filing this Petition "due to the state's negligence in allowing petitioner to be enhanced on a 'silent record.'" *Id*.

## Standard of Review and Analysis

Respondent asserts both that Petitioner is not in custody for purposes of challenging his state court conviction under 28 U.S.C. § 2254(a) and that his petition is time barred.

---

[2] The reverse waiver apparently concerned a juvenile waiver hearing which Petitioner asserted was improper because he was unrepresented by counsel. ECF No. 1. at p. 3.

Respondent is correct on both counts. First, the federal courts have made clear that a person is not "in custody" pursuant to a state court judgment when a prior state court conviction is used to enhance the sentence for a later conviction, and state convictions are not subject to collateral attack. *See, e.g., Ethridge v. Commonwealth of Va.,* 18 Fed.Appx. 213, 214 (4th Cir. 2001)(citing *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001).)

Moreover, the challenge comes much too late. A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This one-year period is, however, tolled while properly filed post conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir.2000).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330.

Petitioner's conviction became final on February 27, 1992, the date his opportunity to file an application for leave to appeal expired. Because his conviction became final prior to the passage of the Antiterrorism and Effective Death Penalty Act, the filing deadline for a federal habeas petition in his case was April 25, 1997. *See Brown v. Angelone*, 150 F. 3d 370, 371-76 (4th Cir. 1998); *Hernandez v. Caldwell*, 225 F. 3d 435, 438– 39 (4th Cir. 2000). During the one-year filing period, there were no state post-conviction proceedings pending in Petitioner's case to toll the statute of limitations. Post-conviction proceedings filed after the limitations period expired do not revive the one-year filing period. Petitioner's assertion that his delay was due to the state's negligence is a bald assertion unpersuasive in light of the record. Accordingly, the Petition for Writ of Habeas Corpus must be dismissed as untimely.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that

there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U. S.C.§ 2253(c)(2).

A separate Order follows.


Date:   November 19, 2010                                /s/                              
                                               DEBORAH K. CHASANOW
                                               United States District Judge